■ GEORGE RENTSCHLER, Appellant-Respondent, v FREDERICA RENTSCHLER, Respondent-Appellant. [648 NYS2d 924] — Judg-

ment, Supreme Court, New York County (Jacqueline Silbermann, J.), entered November 15, 1994, distributing the parties' marital property and determining issues relating to maintenance and child support, unanimously modified, on the facts, to delete the direction that plaintiff pay the private school tuition and salary of a nanny for the parties' children, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered on February 17, 1995, unanimously dismissed, without costs, as superseded by the appeal from the order of April 20, 1995. Order, same court and Justice, entered April 20, 1995, which, *inter alia*, directed that plaintiff return certain items removed by him from the marital residence and comply with the permanent maintenance provisions of the judgment of divorce, and determined that defendant was entitled to a money judgment in an amount equal to the value of certain stocks not turned over to her by plaintiff, unanimously modified, on the facts, to give plaintiff credit for the maintenance payments made to defendant prior to November 15, 1994, and otherwise affirmed, without costs. Judgment, same court and Justice, entered April 28, 1995, in favor of defendant and against plaintiff in the total amount of $75,563.54, unanimously affirmed, without costs.

The direction that "plaintiff shall pay the private school tuition for both children together with the cost of the children's transportation to and from their respective schools and for the nanny's salary" appears to have contemplated that defendant-mother have custody of the children. Since plaintiff is now the custodial parent, it is no longer appropriate, at least absent an indication that plaintiff has taken actions not in the children's best interests. Plaintiff should be credited for the maintenance he paid between April 1994 and November of 1994 since, in view of the bitterly contested nature of the action, the payments were hardly voluntary. We have considered the parties' remaining arguments for affirmative relief and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Kupferman, Nardelli and Mazzarelli, JJ.